Thomas M. BANDURA and Mary Ann Bandura, Plaintiffs,

v.

ORKIN EXTERMINATING CO., INC., Defendant.

No. 83 C 9049.

United States District Court, N.D. Illinois, E.D.

July 31, 1987.

Michael D. Block, Block, Krockey, Cernugel and Cowgill, P.C., Joliet, Ill., for plaintiffs.

Frank E. Glowacki, William S. Grotefeld and Associates, P.C., Chicago, Ill., for defendant.

## MEMORANDUM OPINION

BRIAN BARNETT DUFF, District Judge.

Orkin Exterminating Co., Inc. makes two principal arguments in support of its motion for judgment notwithstanding the verdict or in the alternative for a new trial. First, it claims plaintiffs failed to prove that their illnesses resulted from their exposure to the chemicals in the termiticide Orkin applied to their home. Second, it claims plaintiffs failed to prove that Orkin violated the Illinois Consumer Fraud and Deceptive Business Practices Act, Ill.Rev. Stat. ch. 121½, § 261 *et seq.*, in persuading them to buy Orkin's termite-control services. Neither argument is sound.

There was ample scientific and circumstantial evidence from which a reasonable jury could have concluded that plaintiffs' exposure to chlordane and heptachlor, the chemical components of Orkin's termiticide Orkil, caused their illnesses. A former Orkin employee testified that more than a month after Orkin applied Orkil to plaintiffs' home, the home still smelled strongly of chlordane. There also was testimony that an investigator found abnormally high levels of chlordane in the crawlspace of plaintiffs' home, and that state inspectors found chlordane residue in the heating ducts.

Plaintiffs presented expert medical testimony concerning the nature of their illnesses, the toxicity of chlordane and heptachlor, and the resemblance of their symptoms to the symptoms of chlordane poisoning. Moreover, plaintiffs' experts testified that they used various procedures to rule out alternative explanations of plaintiffs' maladies, and that the health of plaintiff Mary Ann Bandura improved when she was removed from the house and hospitalized, but deteriorated rapidly when she returned to her contaminated home.

■ Orkin also argues that the court erred in allowing plaintiffs' expert witness to testify that exposure to chlordane and heptachlor can cause cancer in humans. Orkin asserts that this testimony lacked a foundation because there is no scientific evidence that chlordane and heptachlor cause cancer in humans. Plaintiffs' expert testified, however, that at least one study has found an increased incidence of cancer among individuals with abnormally high levels of exposure to chlordane and heptachlor. The implications of this study are open to debate, but precisely for that reason plaintiffs' expert was entitled to describe the study and explain his interpretation to the jury. *See Ferebee v. Chevron Chemical Co.*, 736 F.2d 1529 (D.C.Cir. 1984). Orkin then had the opportunity to impeach plaintiffs' expert and offer the jury its own interpretation of the scientific evidence. The jury accepted one reasonable interpretation of the scientific evidence rather than another, and it is not the court's role to second-guess the jury's decision.

■ Orkin's second target is the jury's finding, recorded in a special interrogatory, that Orkin violated the Illinois Consumer Fraud and Deceptice Practices Act. Orkin argues that the evidence does not support plaintiffs' contention that an Orkin employee used an unfair or deceptive business practice in persuading plaintiffs to purchase termite control services from Orkin.

Plaintiffs presented evidence that an Orkin employee visited their house, entered the crawlspace, and emerged with a white bug that he identified as a termite. The employee showed plaintiffs literature depicting a house on fire and stating that termites cause as much property damage as fires. Plaintiffs then agreed to purchase "preventative" treatment of their home. Plaintiffs contended at trial that Orkin's employee falsely led them to believe their home was infested with termites, and used scare tactics to sell them Orkin's services.

Plaintiffs' entymologist testified that his own inspection of plaintiffs' home several

years after this sale indicated there never had been any termite activity around plaintiffs' house, and that plaintiffs' description of the bug shown them by the Orkin employee differed significantly from the appearance of a termite. Orkin was able to produce neither the employee who sold the company's services to plaintiffs, nor the employe who treated their house. No explanation was offered.

A reasonable jury could have inferred from the totality of the evidence and the demeanor of the witnesses that Orkin attempted to sell its services by instilling in plaintiffs the fear of a nonexistent termite infestation. The evidence hardly compelled this conclusion, but such a conclusion was reasonable, and that is the end of the court's inquiry.

Orkin's motion for judgment notwithstanding the verdict or in the alternative for a new trial is denied.

IT IS SO ORDERED.